IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Chicago Truck Drivers, Helpers & Warehouse Workers Union (Independent) Pension Fund,** by and through its Board of Trustees, Bernard Sherlock, John Rule, Michael Ramirez, Joseph Barton, R.J. Emerick, and Timothy Ryan, 6500 W 65th Street, Suite 203, Chicago, IL 60638, | : : : : : : : : : | Civil Action<br><br>No. 1:19-cv-2230 |
| **Plaintiffs,** | : : | |
| v. | : : | |
| **Vertical Holdings, LLC, also d/b/a Premier Employer Services,** 1508 S. Batavia Ave., 3rd Floor, Geneva, IL 60134, | : : : : : : | |
| **Defendant.** | : | |

## COMPLAINT

## INTRODUCTION

Plaintiffs Chicago Truck Drivers, Helpers & Warehouse Workers (Independent) Pension Fund, and Bernard Sherlock, John Rule, Michael Ramirez, Joseph Barton, R.J. Emerick and Timothy Ryan, as Trustees of Chicago Truck Drivers, Helpers & Warehouse Workers (Independent) Pension Fund, through their undersigned counsel, bring this action against Defendant Vertical Holdings, LLC, also d/b/a Premier Employer Services pursuant to the Labor Management Relations Act of 1947, as amended ("LMRA") and the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"). Plaintiffs seek an order (1) declaring Defendant is the successor of PTO Services, Inc. ("PTO"); (2) directing Defendant, as PTO's successor, to pay the balance owed to the Plaintiff Pension Fund on PTO's withdrawal liability; and (3) directing

Defendant to pay all delinquent amounts, interest, and liquidated damages currently owed to the Pension Fund, and that may become due and owing during the pendency of this litigation, plus attorneys' fees and costs.

## JURISDICTION AND VENUE

1. Plaintiffs invoke the jurisdiction of this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a); Section 4301(c) of ERISA, 29 U.S.C. § 1451(c); and Section 28 U.S.C. § 1331.

2. Plaintiffs' business office is located in Cook County. Therefore, jurisdiction in the Eastern Division of the U.S. District Court for the Northern District of Illinois is appropriate.

3. Venue is proper in this District pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a); Section 4301(d) of ERISA, 29 U.S.C. § 1451(d); and 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Chicago Truck Drivers, Helpers & Warehouse Workers (Independent) Pension Fund ("Pension Fund") is a jointly-administered, multiemployer employee pension fund within the meaning of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and Sections 3(2) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(2) and (37)(A). The Pension Fund's business address is 6500 W 65th Street, Suite 203, Chicago, IL 60638.

5. The Pension Fund is administered by a joint labor-management Board of Trustees in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing retirement benefits to its participants and beneficiaries and defraying the reasonable expenses of administering the Pension Fund's plan of benefits, all in accordance with Section 404 of ERISA, 29 U.S.C. § 1104. The Pension Fund receives

contributions and withdrawal liability payments from employers that are or were parties to collective bargaining agreements with the International Brotherhood of Teamsters Local Union No. 710 (the "Union").

6. Plaintiffs Bernard Sherlock, John Rule, Michael Ramirez, Joseph Barton, E.J. Emerick and Timothy Ryan are Trustees of the Pension Fund pursuant to the Pension Fund's Restated Agreement and Declaration of Trust ("Pension Fund Trust Agreement"). *See Exhibit A, Pension Fund Trust Agreement.* Sherlock, Rule, Ramirez, Barton, Emerick and Ryan are fiduciaries of the Pension Fund as such term is defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Sherlock, Rule, Ramirez, Barton, Emerick and Ryan's business address as Trustees of the Pension Fund is 6500 W 65th Street, Suite 203, Chicago, IL 60638.

7. Defendant Vertical Holdings, LLC ("Vertical Holdings") is an employer within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a); and Section 3(5) of ERISA, 29 U.S.C. § 1002(5). Vertical Holdings, LLC, also has been known or has done business as Premier Employer Services ("Premier"). Vertical Holdings, LLC's principal place of business is 1508 S. Batavia Ave., 3rd Floor, Geneva, IL 60134.

## FACTUAL BACKGROUND

### Defendant's Predecessor PTO Withdraws from the Pension Fund and Negotiates a Settlement

8. Prior to April 1, 2017, PTO Services, Inc. ("PTO") provided truck driver leasing services in the Chicagoland area.

9. PTO employed drivers represented by the Union pursuant to collective bargaining agreements negotiated with the Union.

3

10. Pursuant to those collective bargaining agreements, and prior to the close of the Pension Fund's Plan Year Ending March 31, 2009, PTO contributed to the Pension Fund.

11. During the Plan Year Ending March 31, 2009 PTO completely withdrew from the Pension Fund, as such action is defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

12. On or about May 5, 2011, the Pension Fund assessed PTO with complete withdrawal liability in the amount of $3,723,004.93.

13. On or about February 10, 2012, the Pension Fund and PTO agreed to a settlement, whereby PTO would pay the Pension Fund $10,000 per month until it discharged its complete withdrawal liability, plus interest. *See Exhibit B, PTO Settlement Agreement, p. 2. ¶ 1.*

14. PTO waived all objections to its withdrawal liability assessment as part of the Settlement Agreement. *Id., ¶¶ 2-3.*

15. PTO paid monthly installment payments pursuant to the PTO Settlement Agreement until on or about March 24, 2017.

16. During this period, PTO paid approximately $630,000 to the Pension Fund.

17. At all relevant times until shortly after April 1, 2017, William Carpenter ("Carpenter"), President of PTO, served as a Trustee of the Pension Fund.

### PTO Dissolves, and Defendant Vertical Holdings Assumes Its Customers, Operations, and Employees

18. On or about February 24, 2017, Carpenter wrote to PTO's customers and stated that PTO would be closing. *See Exhibit C, PTO Closing Announcement.*

19. Also on or about February 24, 2017, PTO managers, including but not necessarily limited to PTO Human Resources Director Tony Langfeld ("Langfeld") and PTO Operations

4

Director Tom Wisla ("Wisla), formed Vertical Holdings, LLC, also d/b/a Premier Employer Services ("Defendant").

20. Wisla immediately began using PTO e-mail addresses to solicit PTO's customers to enter into truck driver leasing agreements with Defendant.

21. Defendant was so successful in assuming PTO's customers and operations that it hired substantially all of PTO's truck drivers, recognized the Union as the representative of these employees, and negotiated one or more collective bargaining agreements with the Union for these employees.

22. Upon information and belief, Defendant had notice of PTO's withdrawal liability obligations to the Pension Fund.

23. Defendant has not, however, made any withdrawal liability payments pursuant to the PTO Settlement Agreement, or otherwise.

24. PTO voluntarily dissolved itself under Illinois corporate law on or about April 17, 2017.

25. Carpenter also filed for personal bankruptcy under Chapter 7 of the U.S. Bankruptcy Code on or about April 17, 2017.

26. In his bankruptcy filings, Carpenter claimed he was 100% owner of PTO, and that, among other debts, he owed $12,000,000 to the Internal Revenue Service.

27. Further efforts to collect withdrawal liability from PTO or Carpenter, pursuant to the PTO Settlement Agreement or otherwise, were futile.

**Defendant Vertical Holdings Fails To Pay Withdrawal Liability**

28. Upon investigation, on May 1, 2018, the Pension Fund made a withdrawal liability demand upon Defendant as PTO's successor. *See Exhibit D, May 1, 2018 Withdrawal Liability Demand Letter.*

29. Specifically, the Pension Fund demanded that Defendant, as PTO's successor, resume the $10,000 monthly withdrawal liability payments required by the PTO Settlement Agreement.

30. In its demand on Defendant, the Pension Fund explained Defendant's rights to make a request for review and to file for arbitration if Defendant disputed the Pension Fund's withdrawal liability demand. *Exhibit D.*

31. On May 8, 2018, Defendant, through Tony Langfeld, who was employed by PTO as its Human Resources Director, responded that Defendant was not a successor to PTO. *See Exhibit E, Defendant's May 8, 2018 Response to Demand Letter.*

32. Defendant has not made any withdrawal liability payments to the Pension Fund, pursuant to the PTO Settlement Agreement or otherwise.

33. Defendant did not request review of the Pension Fund's withdrawal liability demand within the meaning of Section 4219(b)(2) of ERISA, 29 U.S.C. § 1399(b)(2).

34. Defendant did not demand arbitration of this matter within the time period specified in Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), and is now precluded from doing so.

35. On December 17, 2018, the Pension Fund wrote to Defendant to inform it that it was in default of its withdrawal liability obligations, and that it had sixty (60) days to cure its

default pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5). *See Exhibit F, December 17, 2018 Notice of Default.*

36. Defendant has not responded to the Pension Fund's notice of default.

37. The Pension Fund is still owed $3,093,004.93 in withdrawal liability, plus interest.

38. As a result of its failure to respond, Defendant has defaulted within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 4219(c)(5), 29 U.S.C. § 1399(c)(5), and 29 C.F.R. § 4219.31(b), and the entire amount of the remaining liability, payable as a lump sum, is due and owing.

39. The Pension Fund is in "critical and declining status" under Section 305(b)(6) of ERISA, 29 U.S.C. § 1085(b)(6), and as such is projected to become insolvent during the Plan Year Ending March 31, 2026.

## COUNT I
### Defendant Vertical Holdings, LLC, also d/b/a/ Premier Employer Services Is the Successor of PTO Services, Inc.

40. Plaintiffs incorporate by reference paragraphs 1 through 39 above as though fully set forth herein.

41. There is substantial continuity of operations between PTO and Defendant, including, but not limited to, substantially similar business purpose, management, customers, and employees.

42. Defendant, which is owned and operated by PTO former managers Tony Langfeld and Tom Wisla, had notice of PTO's withdrawal liability obligations to Plaintiff Pension Fund at or before the time Defendant assumed PTO's business operations.

43. As the successor of PTO, Defendant is jointly and severally liable for PTO's unpaid withdrawal liability to Plaintiff Pension Fund.

**WHEREFORE**, Plaintiffs pray that the Court enter judgment in favor of Plaintiffs and:

(a) Declare that Defendant Vertical Holdings, LLC, also d/b/a Premier Employer Services is the successor of PTO Services, Inc.; and

(b) Order Defendant to pay all remaining withdrawal liability owed to Plaintiff Pension Fund by PTO, plus interest, liquidated damages, and attorney's fees and costs; and

(c) Order such other relief that the Court deems just and appropriate.

## COUNT II
### Defendant Vertical Holdings, LLC, also d/b/a Premier Employer Services' Violation of Section 515 of ERISA

44. Plaintiffs incorporate by reference paragraphs 1 through 43 above as though fully set forth herein.

45. Defendant Vertical Holdings, LLC also d/b/a Premier Employer Services is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and 29 C.F.R. § 4219.31(b), and the entire amount of remaining withdrawal liability is now due and owing.

46. Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

47. By the foregoing conduct, Defendant has violated Section 515 of ERISA, 29 U.S.C. § 1145, and is liable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the remaining withdrawal liability owed to the Pension Fund, plus interest, liquidated damages, and attorneys' fees and costs.

**WHEREFORE,** Plaintiffs pray that the Court enter judgment in favor of the Plaintiffs and:

(a) Order Defendant to pay all remaining withdrawal liability owed to Plaintiff Pension Fund, plus interest, liquidated damages, and attorney's fees and costs; and

(b) Order Defendant to pay any additional amounts that may be found due and owing to Plaintiff Pension Fund during the pendency of this litigation, together with interest, liquidated damages, and attorney's fees and costs as mandated by ERISA; and

(c) Order such other relief that the Court deems just and appropriate.

Respectfully submitted,

WILLIG, WILLIAMS & DAVIDSON

  s/    Linda M. Martin
LINDA M. MARTIN, ESQUIRE (Lead Counsel)
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Office            (215) 656-3665
Facsimile      (215) 561-5135
Email   lmartin@wwdlaw.com

*Lead Counsel for Plaintiffs Chicago Truck Drivers, Helpers & Warehouse Workers (Independent) Pension Fund, and its Board of Trustees, Bernard Sherlock, John Rule, Michael Ramirez, Joseph Barton, E.J. Emerick and Timothy Ryan*

Dated: April 2, 2019

## CERTIFICATE OF SERVICE

I, Linda M. Martin, Esquire, hereby certify that I have this 2nd day of April 2019 forwarded a copy of the Complaint and exhibits in the foregoing matter to the persons listed below, by certified mail, postage prepaid, United States Postal Service:

>R. Alexander Acosta, Secretary
>U.S. Department of Labor
>Office of Public Affairs
>200 Constitution Ave., N.W.
>Room S-1032
>Washington, DC 20210
>
>Steven T. Mnuchin, Secretary
>United States Department of Treasury
>1500 Pennsylvania Avenue, N.W.
>Washington, D.C. 20220
>
>W. Thomas Reeder, Director
>Pension Benefit Guaranty Corporation
>1200 K Street, NW
>Washington, DC 20005

                                                                         s/ Linda M. Martin
                                                                        LINDA M. MARTIN, ESQUIRE

Dated: April 2, 2019